ALTENBERND, Judge.
George T. Drayton appeals an order denying his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. The circuit court summarily denied five of Mr. Drayton’s claims and denied the remaining four claims after an evidentiary hearing. We affirm without further comment the denial of grounds one through seven and ground nine. We reverse, however, the portion of the circuit court’s order that summarily denied ground eight of the motion, and we remand for further proceedings on this claim.
Mr. Drayton was convicted of burglary, home invasion robbery, and two counts of sexual battery. He was sentenced to life imprisonment. From our limited record, it appears that the State charged that Mr. Drayton invaded the home of the victim, robbed her, and sexually assaulted her. Mr. Drayton was apprehended near the scene of the crime shortly after it occurred because his appearance was similar to the victim’s description of the perpetrator. Initially, the victim was unable to conclusively identify Mr. Drayton through the use of a photopack. Thereafter, though, she saw the same photo of Mr. Drayton that was used in the photopack in a newspaper next to a story about the crime. She then felt sure that Mr. Drayton was the person who attacked her. Our record suggests there was no forensic evidence at the crime scene to assist in identifying Mr. Drayton as the person who committed the crime. From the context of Mr. Drayton’s arguments, however, it seems he may have had some of the victim’s property when he was apprehended.
The victim indicated to police that she had bitten the perpetrator during her struggle with him. In ground eight of his postconviction motion, Mr. Drayton alleged that his counsel was ineffective in failing to investigate and present evidence at trial establishing that he did not have any bite mark injury when he was apprehended. Mr. Drayton specifically asserted that law enforcement took pictures of him, and the pictures would have shown that he did not have a bite mark where the victim alleged she bit the perpetrator. Mr. Drayton argued that this evidence would have called into further question the victim’s identification of him, such that the result of the trial would have been different.
The State filed a written response to Mr. Drayton’s motion in which it asserted that this claim was conclusively refuted by the record. According to the State, the pictures would not have helped Mr. Dray-ton because they would have revealed that he had scratch marks and other markings that would have proved that he had been involved in a struggle. To support this argument, the State attached one page of the transcript of a deposition. In the deposition, the deponent was asked, “Do we have some pictures of this cut, bite mark thing on the suspect?” The deponent responded:
[The victim] told me that she bit the suspect. I had a phone conversation with [the] acting [s]ergeant.... I asked him to look for that. He said he had some scrapes and stuff but he couldn’t confirm it was a bite mark. I believe I told him to have that photographed and I was under the impression that it was done.
In summarily denying this postconviction claim, the circuit court repeated the State’s argument and attached the same single deposition page.
The single page attached to the order denying this claim does not conclusively refute Mr. Drayton’s claim that counsel *1292 was ineffective for failing to present evidence that he did not match the description of the perpetrator because he had no bite mark injury. The deposition does not support the State’s assertion that the scratches were themselves evidence of an altercation or that Mr. Drayton’s trial counsel made a reasoned decision that this evidence would be more harmful than helpful. Further, the rest of our limited record does not conclusively refute this allegation of deficient performance or the assertion that the lack of this evidence prejudiced Mr. Drayton. We therefore reverse the summary denial of this claim and remand for further proceedings. If the circuit court again summarily denies Mr. Drayton's claim, it must attach those portions of the record that conclusively refute the claim. See Fla. R.Crim. P. 3.850(d).
Reversed and remanded.
SALCINES and SILBERMAN, JJ„ Concur.